JEFFREY A. COHEN (SBN 149615)
JARED C. XU (SBN 314646)
**COHEN BUSINESS LAW GROUP**
*A Professional Law Corporation*
10990 Wilshire Blvd., Suite 1025
Los Angeles, California 90024
Tel:   (310) 469-9600
Fax:   (310) 469-9610

BENNET G. KELLEY (SBN 177001)
**INTERNET LAW CENTER**
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone: (310) 452-0401
Facsimile: (702) 924-8740

*Attorneys for Plaintiff*
Slade Neighbors, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Slade Neighbors, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY** |
| vs. | |
| Veronica Monger, an individual, and DOES 1 through 10, inclusive, | |
| Defendant. | |

Plaintiff Slade Neighbors ("Plaintiff") alleges on information and belief as follows :

## JURISDICTION AND VENUE

1.   ***Jurisdiction.*** This action arises under the Copyright Act, 17 U.S.C. § 101 et seq. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

COMPLAINT — - 1 -

2. ***Venue.*** Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b), (c), and § 1400(a).

3. ***Personal Jurisdiction.*** Personal jurisdiction is proper over the Defendants because they reside in California and the wrongful activity at issue concerns Defendant's operation of Blog activities within the County of Los Angeles, through which Defendant knowingly solicits funds. Defendant, Monger therefore, has purposefully availed herself of the privilege of doing business in California, and material elements of Defendant's wrongdoing occurred in this State, i.e., Defendant caused the infringing texts to be distributed to and displayed in Los Angeles County to thousands of persons.

4. On information and belief, Defendant Veronica Monger ("Defendant"), also known as Veronica Brooks and Veronica Verve, has, at all times relevant hereto, lived and/or worked in Los Angeles County, California and has been an internet blogger that at relevant times (1) operated a Blog with the website(s) http://sladeneighborsattorneyme-too.com/ ("Blog") for the purpose of defaming Plaintiff; and/or (2) infringed upon Plaintiff's copyright by posting he copyrighted materials on her Blog.

5. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendant, or through entering into a conspiracy and agreement with the known Defendant to perform these acts, for financial gain and profit. Plaintiff will amend this claim to show the true names and capacities of such fictitiously named Defendants when the same have been ascertained.

6. Known Defendant and Doe Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other defendants, and in such capacity or capacities participated in the



COMPLAINT                             - 2 -

1  acts or conduct alleged herein and incurred liability therefor. At some unknown
2  time, the Defendants, or some of them, entered into a conspiracy with other of the
3  Defendants to commit the wrongful acts described herein. The actions described
4  below were taken in furtherance of such conspiracy. Defendants aided and abetted
5  each other in the wrongful acts alleged herein. Each of the Defendants acted for
6  personal gain or in furtherance of their own financial advantage in doing the acts
7  alleged below.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – 17 U.S.C. § 101 et seq.)

### (Against All Defendants)

11  7.  Plaintiff realleges paragraphs 1 through 6.

12  8.  Plaintiff had a past personal relationship with Defendant. Plaintiff
13  created the emails and text messages ("Copyrighted Works") when Plaintiff and
14  Defendants were dating or shortly thereafter.

15  9.  Each of the Copyrighted Works consists of original material by
16  Plaintiff and each is copyrightable subject matter which has been registered with the
17  United States Copyright office. .

18  10.  Specifically, the Copyrighted Works include a group of emails and a
19  group of text messages registered with the United States Copyright office which has
20  issued the following registration numbers:

21  TXu 2-193-010; and
22  TXu 2-192-994

23  11.  Plaintiff is the owner of all right, title, and interest in and to each of the
24  Copyrighted Works.

25  12.  Under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 et
26  seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights,
27  inter alia, to reproduce, distribute and publicly display the Copyrighted Works. (17
28  U.S.C. §§ 106(1), (3), and (5).)



COMPLAINT                              - 3 -

13. Within the last three years, Plaintiff discovered that the Copyrighted Works were being used on the website(s) identified above without Plaintiff's permission.

14. Plaintiff reported the infringements to Defendant, but Defendant failed to expeditiously remove the infringing items.

15. Defendant, without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Copyrighted Works, (2) distributed, made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Copyrighted Works, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Copyrighted Works.

16. Defendant's conduct constitutes infringement of Plaintiff copyrights and exclusive rights under copyright in the Copyrighted Works in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Defendants have engaged and continue to engage in the business of knowingly and systematically inducing, causing, and/or materially contributing to the unauthorized reproduction, public display, and/or distribution of copies of the Copyrighted Works on the websites identified above, and thus to the direct infringement of the Copyrighted Works in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. The infringement of Plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

19. Defendant's acts of infringement have been willful, intentional, and purposeful, in reckless disregard of and with indifference to Plaintiff's rights in that Defendant knew that she did not have the right to use Plaintiff's Copyrighted Works in the manner Defendant used them and/or recklessly failed to determine whether she had the right to use Plaintiff's Copyrighted Works in the manner Defendant used them.

COHEN BUSINESS LAW GROUP
*A Professional Corporation*
•Los Angeles•

20. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Copyrighted Works, Plaintiff is entitled to its actual damages and Defendant's profits pursuant to 17 U.S.C. section 504(b).

21. Alternatively, at Plaintiff election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. section 504(c) with respect to each work infringed or such other amounts as may be proper under 17 U.S.C. section 504(c).

22. Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. section 502, Plaintiff is entitled to injunctive relief prohibiting further infringements of Plaintiff's copyrights.

23. Plaintiff further is entitled to Plaintiff s attorneys' fees and costs pursuant to 17 U.S.C. section 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant and each of the Doe defendants as follows:

1. That Defendant, her agents, servants, employees, representatives, successors, and assigns, and all persons in active concert or participation with them, and all webhosts, blog operators or other service providers servicing such activity (jointly "Others") be enjoined from:

    a. Copying, reproducing, distributing, or publicly displaying the Copyrighted Works;

    b. Posting or allowing to remain posted, Plaintiff's Copyrighted Works on the Internet;

    c. Inducing, causing, materially contributing to, and profiting from the foregoing acts committed by others.



COMPLAINT - 5 -

2. That Defendants and the Others be ordered to destroy all photographs, documents, and other items, electronic or otherwise, in her or their possession, custody, or control, that infringe the copyrights of Plaintiff.

3. For restitution in the amount of the benefit to Defendant by reason of her unlawful conduct.

4. For Plaintiff's actual damages.

5. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendant as a result of her unlawful conduct.

6. For statutory damages under the Copyright Act.

7. For prejudgment interest.

8. For attorneys' fees and full costs.

9. For such other and further relief as this Court deems just and appropriate.

Dated:  May 6, 2020   **COHEN BUSINESS LAW GROUP**
A Professional Corporation


By: /s/ Jeffrey A. Cohen
_____
JEFFREY A. COHEN
JARED C. XU
Attorneys for Plaintiff, SLADE NEIGHBORS

COMPLAINT - 6 -



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury on all issues raised in this complaint.

Dated: May 6, 2020

**COHEN BUSINESS LAW GROUP**
A Professional Corporation

By: /s/ Jeffrey A. Cohen
_____
JEFFREY A. COHEN
JARED C. XU
Attorneys for Plaintiff, SLADE NEIGHBORS



COMPLAINT - 7 -